UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JESSICA SCHIELD,

                Plaintiff,

    v.                                            Case No.: 17-cv-1

BADGER BOWL
506 E. Badger Road
Madison, WI 53713,

                Defendant.

---

## COMPLAINT

---

NOW COMES Plaintiff, Jessica Schield, by her undersigned attorneys, Leslie Elkins and Kramer, Elkins and Watt, LLC, and as for her Complaint against Defendant, Badger Bowl, alleges and shows the Court as follows:

### Jurisdiction and Venue

1.      This action is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.

2.      Jurisdiction is specifically conferred on this court by 28 U.S.C. § 1331.

3.      The Court has pendent jurisdiction over the State law claims because the claims are so closely related to Plaintiff's federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

4.      Venue is proper within the United States District Court for the Western District of Wisconsin because the wage and hour violations and other related actions were committed within the jurisdiction of this District. 28 U.S.C. § 1391(b)(2).

## Parties

5.     Plaintiff Jessica Schield ("Schield") is an adult individual residing at 407 South Seventh Street, Stoughton, Wisconsin, 53589.

6.     Defendant Badger Bowl, Inc. ("Badger Bowl") is Wisconsin business with a principal office location of 506 E. Badger Rd., Madison, Wisconsin 53713. Badger Bowl's owners are Kevin Carey, an adult citizen of the State of Wisconsin; Lynn Carey, an adult citizen of the State of Wisconsin; and Laurie Slinde, an adult citizen of the State of Wisconsin.

7.     Badger Bowl's registered agent is Kevin Carey with an address of 6302 Hidden Farm Road, McFarland, WI 53558.

## General Allegations

8.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 7 of the Complaint, as if fully set forth herein.

9.     Schield worked as an employee for Badger Bowl, Inc. from on or around February 7, 2013 through on or around November 8, 2016.

10.     At all times during the term of Schield's employment with Badger Bowl, Badger Bowl was an employer within the meaning of the FLSA and the Wisconsin wage laws. 29 U.S.C. § 203(d); Wis. Stat. 111.02(6)(a);

11.     At all times during the term of Schield's employment with Badger Bowl, Schield was an employee within the meaning of the FLSA and the Wisconsin wage laws.  29 U.S.C. § 203(e); Wis. Stat. 111.02(6)(b).

12.     Schield's duties while working for Badger Bowl included collecting event information, relaying information to staff and chefs, invoicing, managing payments received, distributing gratuities, planning menus, serving food & drinks as well as other duties.

13.     Badger Bowl's week for pay purposes began on a Wednesday and ended on a Tuesday.

14.     From February 2013 until February 2014, Schield was paid $10 per hour, which is the equivalent of $400 per week.

15.     Beginning in February 2014 until November 2016, Schield was paid $12 per hour, which is the equivalent of $480 per week.

### Badger Bowl Failed to Properly Record Hours Worked

16.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 15 of the Complaint, as if fully set forth herein.

17.     When employees entered hours worked into Badger Bowl's time tracking system, the system would not convert minutes of time worked into the proper percentage of an hour. Instead of dividing the minutes worked by sixty minutes to show the percentage of an hour worked, the system would convert the minutes worked to a percentage as though dividing by 100. By way of example, one hour and 30 minutes would appear as 1.3 hours instead of 1.5 hours; two hours and 40 minutes would appear as 2.4 hours instead of 2.6 hours.

18.     The owners of Badger Bowl were aware that the system did not properly reflect actual time worked by employees.

19.     In or around 2014, Schield had a conversation with Laurie Slinde in front of the payroll clock, about the payroll system whereby Slinde indicated she was aware that the system underrepresented hours worked by employees, and stated that Badger Bowl had been "shorting" its employees for years.

**Badger Bowl failed to pay Schield Minimum Wage**

20.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

21.     During the week beginning September 28, 2916, Schield worked ninety-two (92) hours and was paid $480 for the week. This amounted to an effective hourly wage of $5.21.

**Badger Bowl failed to pay overtime to Schield**

22.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 21 of the Complaint, as if fully set forth herein.

23.     During her employment with Badger Bowl, Schield regularly worked more than forty (40) hours per week.

24.     Schield never received any compensation for working overtime hours.

25.     Badger Bowl operated under a system whereby employees would "bank hours." Instead of paying employees overtime hours for the hours worked over forty in any given week, Badger Bowl would move the employee's hours over forty from one week and record them as hours worked the next week, resulting in a running total of banked hours.

26.     During the week beginning March 5, 2014, Schield worked 49 hours and 17 minutes, and did not receive compensation for hours worked over 40.

27.     During the week beginning March 12, 2014, Schield worked 40 hours and 50 minutes, and did not receive compensation for hours worked over 40.

28.     During the week beginning April 2, 2014, Schield worked 42 hours and 48 minutes, and did not receive compensation for hours worked over 40.

29.     During the week beginning April 9, 2014, Schield worked 45 hours and 44 minutes, and did not receive compensation for hours worked over 40.

30.     During the week beginning April 30, 2014, Schield worked 40 hours and 6 minutes, and did not receive compensation for hours worked over 40.

31.     During the week beginning May 7, 2014, Schield worked 41 hours and 3 minutes, and did not receive compensation for hours worked over 40.

32.     During the week beginning May 21, 2014, Schield worked 48 hours and 58 minutes, and did not receive compensation for hours worked over 40.

33.     During the week beginning June 4, 2014, Schield worked 40 hours and 32 minutes, and did not receive compensation for hours worked over 40.

34.     During the week beginning June 25, 2014, Schield worked 49 hours and 31 minutes, and did not receive compensation for hours worked over 40.

35.     During the week beginning July 9, 2014, Schield worked 48 hours and 23 minutes, and did not receive compensation for hours worked over 40.

36.     During the week beginning July 16, 2014, Schield worked 40 hours and 39 minutes, and did not receive compensation for hours worked over 40.

37.     During the week beginning August 20, 2014, Schield worked 44 hours and 54 minutes, and did not receive compensation for hours worked over 40.

38.     During the week beginning September 10, 2014, Schield worked 44 hours and 35 minutes, and did not receive compensation for hours worked over 40.

39.     During the week beginning September 17, 2014, Schield worked 41 hours and 18 minutes, and did not receive compensation for hours worked over 40.

40.     During the week beginning September 24, 2014, Schield worked 54 hours and 10 minutes, and did not receive compensation for hours worked over 40.

41.     During the week beginning October 1, 2014, Schield worked 46 hours and 18 minutes, and did not receive compensation for hours worked over 40.

42.     During the week beginning October 8, 2014, Schield worked 46 hours and 18 minutes, and did not receive compensation for hours worked over 40.

43.     During the week beginning October 15, 2014, Schield worked 51 hours and 23 minutes, and did not receive compensation for hours worked over 40.

44.     During the week beginning October 22, 2014, Schield worked 44 hours and 22 minutes, and did not receive compensation for hours worked over 40.

45.     During the week beginning January 28, 2015, Schield worked 42 hours and 45 minutes, and did not receive compensation for hours worked over 40.

46.     During the week beginning February 4, 2015, Schield worked 48 hours and 11 minutes, and did not receive compensation for hours worked over 40.

47.     During the week beginning March 4, 2015, Schield worked 42 hours and 51 minutes, and did not receive compensation for hours worked over 40.

48.     During the week beginning March 11, 2015, Schield worked 43 hours and 23 minutes, and did not receive compensation for hours worked over 40.

49.     During the week beginning April 8, 2015, Schield worked 41 hours and 35 minutes, and did not receive compensation for hours worked over 40.

50.     During the week beginning April 22, 2015, Schield worked 47 hours and 4 minutes, and did not receive compensation for hours worked over 40.

51.     During the week beginning May 13, 2015, Schield worked 40 hours and 58 minutes, and did not receive compensation for hours worked over 40.

52.     During the week beginning June 10, 2015, Schield worked 42 hours and 3 minutes, and did not receive compensation for hours worked over 40.

53.     During the week beginning June 24, 2015, Schield worked 45 hours and 24 minutes, and did not receive compensation for hours worked over 40.

54.     During the week beginning July 8, 2015, Schield worked 46 hours and 15 minutes, and did not receive compensation for hours worked over 40.

55.     During the week beginning July 29, 2015, Schield worked 40 hours and 3 minutes, and did not receive compensation for hours worked over 40.

56.     During the week beginning August 26, 2015, Schield worked 54 hours and 3 minutes, and did not receive compensation for hours worked over 40.

57.     During the week beginning September 9, 2015, Schield worked 45 hours and 12 minutes, and did not receive compensation for hours worked over 40.

58.     During the week beginning September 23, 2015, Schield worked 62 hours and 23 minutes, and did not receive compensation for hours worked over 40.

59.     During the week beginning September 30, 2015, Schield worked 61 hours and 59 minutes, and did not receive compensation for hours worked over 40.

60.     During the week beginning October 7, 2015, Schield worked 49 hours and 4 minutes, and did not receive compensation for hours worked over 40.

61.     During the week beginning December 9, 2015, Schield worked 46 hours and 45 minutes, and did not receive compensation for hours worked over 40.

62. During the week beginning January 6, 2016, Schield worked 56 hours and 0 minutes, and did not receive compensation for hours worked over 40.

63. During the week beginning January 20, 2016, Schield worked 47 hours and 20 minutes, and did not receive compensation for hours worked over 40.

64. During the week beginning January 27, 2016, Schield worked 43 hours and 50 minutes, and did not receive compensation for hours worked over 40.

65. During the week beginning February 17, 2016, Schield worked 48 hours and 0 minutes, and did not receive compensation for hours worked over 40.

66. During the week beginning March 2, 2016, Schield worked 61 hours and 3 minutes, and did not receive compensation for hours worked over 40.

67. During the week beginning March 9, 2016, Schield worked 49 hours and 45 minutes, and did not receive compensation for hours worked over 40.

68. During the week beginning April 20, 2016, Schield worked 40 hours and 33 minutes, and did not receive compensation for hours worked over 40.

69. During the week beginning June 8, 2016, Schield worked 53 hours and 0 minutes, and did not receive compensation for hours worked over 40.

70. During the week beginning June 22, 2016, Schield worked 50 hours and 50 minutes, and did not receive compensation for hours worked over 40.

71. During the week beginning June 29, 2016, Schield worked 52 hours and 0 minutes, and did not receive compensation for hours worked over 40.

72. During the week beginning August 10, 2016, Schield worked 43 hours and 57 minutes, and did not receive compensation for hours worked over 40.

73.     During the week beginning August 31, 2016, Schield worked 58 hours and 50 minutes, and did not receive compensation for hours worked over 40.

74.     During the week beginning September 7, 2016, Schield worked 40 hours and 16 minutes, and did not receive compensation for hours worked over 40.

75.     During the week beginning September 21, 2016, Schield worked 61 hours and 27 minutes, and did not receive compensation for hours worked over 40.

76.     During the week beginning September 28, 2016, Schield worked 92 hours and 47 minutes, and did not receive compensation for hours worked over 40.

77.     During the week beginning October 12, 2016, Schield worked 44 hours and 59 minutes, and did not receive compensation for hours worked over 40.

78.     During the week beginning October 19, 2016, Schield worked 50 hours and 13 minutes, and did not receive compensation for hours worked over 40.

79.     During the week beginning September 28, 2016, Schield was paid less than the federal minimum wage of $7.25 per hour in that she was paid $5.45 per hour.

**Badger Bowl failed to pay commissions owed to Schield**

80.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 79 of the Complaint, as if fully set forth herein.

81.     Schield and Badger Bowl had a duly signed and authorized contract for payment of commissions to Schield based on monthly catering sales.

82.     Badger Bowl agreed to pay Schield 3% of total monthly catering sales between $10,000 and $14,999.

83.     Badger Bowl agreed to pay Schield 4% of total monthly catering sales between $15,000 and $19,999.

84.     Badger Bowl agreed to pay Schield 5% of total monthly catering sales between $20,000 and $24,999.

85.     Badger Bowl agreed to pay Schield 6% of total monthly catering sales over $25,000.


**Badger Bowl failed to pay Schield gratuities owed to Schield**

86.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

87.     Schield and Badger Bowl had an agreement related to payment of gratuities.

88.     Schield was to receive 16% of gratuities received for working an event with a sales total under $1,000.

89.     Schield was to receive 28% of gratuities received for working an event with a sales total over $1,000.

90.     On or around July 14, 2016, Schield worked an event called "Sound Lounge" which had a catering sales value under $1,000. Badger Bowl received $21.60 in gratuities from that event, and paid Schield $0 of the gratuities received.

91.     On or around September 1, 2016, Schield worked an event called "Taste of Madison" which had a catering sales value of over $1,000. Badger Bowl received $1,674 in gratuities from the Taste of Madison event, and paid Schield $0 of the gratuities received.

92.    On or around September 22, 2016, Schield worked an event called "Sound Lounge" which had a catering sales value under $1,000. Badger Bowl received $48 in gratuities from the Sound Lounge event, and paid Schield $0 of the gratuities received.

93.    On or around September 28, 2016, Schield worked an event called "Sonic Boom Kick Off Party" which had a catering sales value under $1,000. Badger Bowl received $108 in gratuities from the Sonic Boom Kick Off Party event, and paid Schield $0 of the gratuities received.

94.    On or around September 28, 2016, Schield worked an event called "Sonic Boom" which had a catering sales value of over $1,000.  Badger Bowl received $10,138 in gratuities from Sonic Boom, and paid Schield $0 of the gratuities received.


## COUNT 1:

### Failure to pay minimum wage in violation of the FLSA

95.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96.    The federal hourly minimum wage during all relevant times was $7.25. 29 U.S.C. § 206 (a)(1)(C).

97.    In paying Schield less than $7.25 per hour for 92 hours worked during the week of September 28, 2016, Badger Bowl failed to pay Schild minimum wage in violation of FLSA. 29 U.S.C.§206(a)(1)(c).

98.    As a result of the unfair and illegal labor practices of Badger Bowl in not paying Schield minimum wage as required by the FLSA, Schield has been damaged in an amount to be determined by the trial court.

## COUNT 2:

### Failure to pay minimum wage in violation of Wisconsin Wage Laws

99.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100.     The state minimum wage during all relevant times was $7.25. Wis. Stat. § 104.035.

101.     In paying Schield less than $7.25 per hour for 92 hours worked during the week of September 28, 2016, Badger Bowl failed to pay Schield minimum wage in violation of Wisconsin wage laws.  Wis. Stat. §104.035.

102.     In failing to pay Schield minimum wage for all hours worked during the week of September 28, 2016, Badger Bowl failed to pay Schield the full amount of wages owed on each regular pay day in violation of Wis. Stat. § 109.03(5).

103.     As a result of the unfair and illegal labor practices of Badger Bowl in not paying Schield minimum wage as required by the Wisconsin's wage minimum wage statute, Schield has been damaged in an amount to be determined by the trial court.

## COUNT 3:

### Failure to pay Overtime in violation of the Fair Labor Standards Act

104.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 103 of the Complaint, as if fully set forth herein.

105. The FLSA requires that an employer pay its employees a rate of not less than one and one-half times the regular rate at which he is employed for all hours over forty (40) worked one week. 29 U.S.C. § 207(a)(1).

106. Schield worked more than 40 hours per week for several weeks, including but not limited to the weeks identified in paragraphs 26 - 78 and did not receive overtime pay as required by FLSA. 29 U.S.C. §207(a)(1)

107. As a result of the unfair and illegal labor practices of Badger Bowl in not paying Schield overtime wages as required by the FLSA, Schield has been damaged in an amount to be determined by the trial court.

## COUNT 4:

### Failure to pay Overtime in violation of the Wisconsin's wage laws

108. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 107 of the Complaint, as if fully set forth herein.

109. Wisconsin wage laws require the payment to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours in any week. DWD 274.03, Wis. Admin. Code.

110. Schield worked more than 40 hours per week for several weeks, including but not limited to the weeks identified in paragraphs 26 - 78 and did not receive overtime pay in violation of Wisconsin wage laws. DWD 274.03, Wis. Admin. Code.

111. In failing to pay Schield overtime pay for hours worked in excess of 40 hours in a week, Badger Bowl failed to pay Schield the full amount of wages owed on each regular pay day in violation of Wis. Stat. § 109.03(5).

112.     As a result of the unfair and illegal labor practices of Badger Bowl in not paying Schield overtime wages as required by Wisconsin's wage statutes, Schield has been damaged in an amount to be determined by the trial court.

## COUNT 5:

### Failure to pay commissions as wages owed in violation of Wisconsin wage laws

113.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114.     Schield earned commissions in accordance to the arrangement identified in paragraphs 81 to 85 while working at Badger Bowl.

115.     Badger Bowl has not paid Schield the full amount of commissions earned.

116.     Commissions are considered wages pursuant to Wis. Stat. § 109.01(3).

117.     In failing to pay Schield commissions Badger Bowl failed to pay Schield the full amount of wages owed on each regular pay day in violation of Wis. Stat. § 109.03(5).

118.     As a result of the unfair and illegal labor practices of Badger Bowl in not paying Schield wages in the form of commissions as required by Wisconsin wage laws, Schield has been damaged in an amount to be determined by the trial court.

## COUNT 6:
### Failure to Keep Accurate Records; Failure to Pay Schield for Hours Not Recorded in violation of the FLSA

119.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 118 of the Complaint, as if fully set forth herein.

120.     By knowingly operating a time-tracking system that under-represents the hours worked by an employee, Badger Bowl failed to keep accurate employment records which resulted in not paying Schield for hours worked in violation of the FLSA's recordkeeping and minimum wage requirements.  29 U.S.C. § 211(c); 29 U.S.C.§206(a).

121.     As a result of Badger Bowl's unfair labor practices in its failure to keep accurate records and pay Schield wages owed as required by the FLSA, Schield has been damaged in an amount to be determined by the trial court.


## COUNT 7:
## Failure to Keep Accurate Records; Failure to Pay Schield for Hours Not Recorded in violation of the Wisconsin Wage Laws

122.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 121 of the Complaint, as if fully set forth herein.

123.     By knowingly operating a time-tracking system that under-represents the hours worked by an employee, Badger Bowl failed to keep accurate employment records which resulted in not paying Schield for hours worked in violation of the State of Wisconsin's recordkeeping requirements. DWD § 272.11(1)(f), Wis. Admin. Code.

124.     By not keeping accurate records, Badger Bowl failed to pay Schield the full amount of Schield's wages on each regular pay day in violation of Wis. Stat. § 109.03(5).

125.     As a result of Badger Bowl's unfair labor practices in its failure to keep accurate records and pay Schield as required by the Wisconsin wage laws, Schield has been damaged in an amount to be determined by the trial court.

## COUNT 8:
## Breach of Contract as to Commissions not paid

126.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 125 of the Complaint, as if fully set forth herein.

127.    In failing to pay Plaintiff commissions owed in accordance with her agreement with Badger Bowl, Badger Bowl breached its employment contract with Schield.

128.    As a result of the actions of Badger Bowl, Schield has been damaged in an amount to be determined by the trial court.

## COUNT 9:
## Breach of Contract as to Gratuities not paid

129.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 128 of the Complaint, as if fully set forth herein.

130.    In failing to pay Schield gratuities owed in accordance with the terms of her agreement with Badger Bowl, Badger Bowl breached its employment contract with Schield.

131.    As a result of the actions of Badger Bowl, Schield has been damaged in an amount to be determined by the trial court.

## Demand for Relief

WHEREFORE, Plaintiff, Jessica Schield, demands a judgment against Defendant, Badger Bowl, as follows:

A. For a monetary award equal to the amount of wages owed to her pursuant to 29 U.S.C § 216(b); 29 U.S.C. § 207(a)(1); Wis. Stat. § 109.03(1); DWD 274.03, Wis. Admin. Code;

B. For liquidated damages pursuant to 29 U.S.C § 216(b);

C. For her actual costs and attorney's fees in pursuing this action pursuant to 29 U.S.C § 216(b) and Wis. Stat. 109.03(6).

D. For further relief as the Court may deem just and equitable.

## Demand For Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Jessica Schield hereby demands trial by jury in this action of all issues so triable.

Dated this 30th day of December, 2016.

KRAMER, ELKINS & WATT, LLC
*Attorneys for Plaintiff Jessica Schield*

/s/ Leslie Elkins
Leslie Elkins
State Bar No.: 1086052
Jessica M. Kramer
State Bar No.: 1050370
17 Applegate Court, Suite 203
Madison, WI 53713
Office:  608.709.7115
Fax:  608.260.7777
elkins@kewlaw.com
kramer@kewlaw.com
